IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| IN RE: DAVID A. JOHNS<br>**Debtor(s)** | )<br>) | CHAPTER 13 |
| SANTANDER CONSUMER USA INC.<br>**Moving Party** | )<br>)<br>) | CASE NO. 24-14138 (PMM) |
| v. | )<br>) | HEARING DATE: **2-5-25 at 1:00 PM** |
| DAVID A. JOHNS<br>**Respondent(s)** | )<br>)<br>) | 11 U.S.C. 362 |
| KENNETH E. WEST<br>**Trustee** | )<br>)<br>)<br>) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Santander Consumer USA, Inc. ("Santander") filing this its Motion For Relief From The Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1. That on November 19, 2024, David A. Johns filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361, 362, and 28 U.S.C. 157 and 1334.

3. On November 4, 2023, the Debtor entered into a retail installment contract for the purchase of a 2023 Nissan Kicks bearing vehicle identification number 3N1CP5DV7PL542241. The contract was assigned to Santander Consumer USA Inc. and the Debtor became indebted to Santander in accordance with the terms of same.  Santander Consumer USA Inc. is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the vehicle.   A true copy of the contract and title inquiry to the vehicle are annexed hereto as Exhibits A and B.

    4. The vehicle was repossessed prior to the bankruptcy filing.

    5. The Debtor's account is past due from July 19, 2024 through December 19, 2024 with arrears in the amount of $5,624.84.

    6. As of December 26, 2024, the Debtor's account with Santander had a net loan balance of $33,350.49.

    7. According to the December 2024 NADA Official Used Car Guide, the vehicle has a current retail value of $22,650.00.

    8. Santander Consumer USA Inc. alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Santander lacks adequate protection of its interest in the vehicle as evidenced by the following:

        (a) Santander has possession of the vehicle, and requires stay relief in order to process and sell it.

        (b) The Debtor is failing to make payments to Santander and is failing to provide Santander with adequate protection.

    WHEREFORE PREMISES CONSIDERED, Santander Consumer USA Inc. respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Santander to permit Santander to seek its statutory and other available remedies; (2) that the stay terminate <u>immediately</u> upon entry of this Order, with a waiver of Fed.R.Bank.P., Rule 4001(a)(3) and (3) Santander be granted such other and further relief as is just.

Respectfully submitted,

<u>/s/ William E. Craig</u>
William E. Craig
Eisenberg Gold & Agrawal, P.C.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney ID: 92329
Local Counsel for Santander Consumer USA Inc.